**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY BERNARD BARNO, | No. 16-16460 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00576-RRB |
| v. | |
| DAVID LOPEZ, Officer at CSATF; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, District Judge, Presiding[**]

Submitted May 8, 2017[***]

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

California state prisoner Rodney Bernard Barno appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive

force and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

an abuse of discretion a dismissal for failure to comply with a court order. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We affirm in part, reverse in part, vacate in part, and remand.

Because the record shows that Barno stood on his first amended complaint, the district court abused its discretion in converting its dismissal with leave to amend into a sanction under Federal Rule of Civil Procedure 41(b) for failing to comply with a court order. *See Edwards*, 356 F.3d at 1064-65 (dismissal under Rule 41(b) is not appropriate where the plaintiff makes an affirmative choice not to amend the complaint).

Nevertheless, the district court properly dismissed Barno's claims against defendants Corral and Zamora relating to the prison grievance process because Barno has no constitutional entitlement to a specific prison grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court erred, however, in dismissing Barno's claims that the district court previously found to be cognizable. Barno re-pled in his first amended complaint a claim of excessive force against defendant Lopez and a claim against defendant Johnson relating to labeling Barno a snitch, which the district court

properly concluded stated cognizable claims.  We reverse the judgment as to those claims and remand for further proceedings.

The district court dismissed Barno's retaliation claims because it concluded that Barno failed to cure certain deficiencies and failed to establish exhaustion of his administrative remedies as to these claims.  Barno has no obligation to plead and prove exhaustion.  *See Jones v. Bock*, 549 U.S. 199, 204, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  We vacate the judgment as to the retaliation claims and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**